AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

ANTONIO YOUNG

*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number:  11-30056

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
  _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in  _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

This is a presumption case.  Defendant is indicted on charges stemming from the Western District of Michigan charging Defendant Young with being a felon in possession of firearms and possession of a firearm in furtherance of drug trafficking.  He is 33 years old, unemployed, without any assests, and the father of two.  He has no discernable residence.  His mother reported to Pretrial Services that the Defendant has resided with her in Romulus, Michigan since October 2010.  Defendant reported to Pretrial Services that he has not lived with his mother in Romulus since December 2010, and that since that time he has been living with his soon to be divorced wife Tamika on Hardwick in Lansing, Michigan.  (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

February 4, 2011
_____
Date

s/ Mona K. Majzoub
_____
*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ANTONIO YOUNG, 11-30056

PAGE 2

Defendant also listed a string of other addresses where he has been living since 2007, none of which could be verified.

The defendant claims that he does odd jobs working for his uncle and earns approximately $1500 a month, but this information could not be verified. He has not been employed full time since 2008 when he worked at Steelcase in Detroit. However it should be noted that Defendant reported that he was living in the Lansing, Michigan area at this time. His mother stated that Defendant's last job was at a factory in Westland, Michigan in 2006.

Defendant has a significant drug history. He began smoking marijuana on a daily basis at the age of 16 and continues daily use. Three years ago he began using "designer" drugs, ecstasy and GHB on a weekly basis, and last used two days before his interview. He also shorts powder cocaine on a weekly basis and last used a week prior to his interview. He admits to selling ecstasy.

Defendant has two outstanding warrants for violent and assaultive behaviors and a pending personal protective order against him. He has convictions for felony home invasion, 2nd degree, domestic violence, and attempted misdemeanor telecommunication services, malicious use.

The instant charges involve the possession and use of multiple firearms and possession of a firearm in the furtherance of drug trafficking. Given Defendant's daily and weekly drug usage, the combination of weapons and drugs makes him a danger to the community at all times. Furthermore, his history of assaultive behaviors only magnify his propensity for danger to the community. In addition, Defendant's instability regarding his reported lack of permanent residence, along with his outstanding warrants and illegal substance abuse render him a risk of non-appearance.

There is no condition or combination of conditions that would assure th safety of the community or the defendant's appearance in court. Detention is ordered.